UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDLE, *et al.*, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-0103 |
| | § | |
| LOCAL 28, INTERNATIONAL | § | |
| LONGSHOREMEN'S ASSOCIATION, *et al.*, | § | |
|     *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is defendants' motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  Dkt. 3.  Because plaintiffs did not respond, the court may treat the motion as unopposed. *See* S.D. TEX. LOC. R. 7.4 ("Failure to respond will be taken as a representation of no opposition.") After considering the pleadings and applicable law, defendants' motion to dismiss plaintiffs' 29 U.S.C. § 411(a)(3)(A) claim pursuant to Federal Rule of Civil Procedure 12(b)(6)  is GRANTED.  Plaintiffs' action is barred by the applicable statute of limitations.

**I. BACKGROUND**

Plaintiffs are members of Local 28, International Longshoremen's Association.  Dkt. 1, ¶ 2. Defendants, Local 28, International Longshoremen's Association and certain officers thereof, negotiated an hourly wage increase for its members under a "container royalty."  *Id*. at ¶ 5, 6. Defendants retained a portion of the container royalty pursuant to the negotiation.  *Id*.  On October 30, 2000, plaintiffs and other members of Local 28, voted by majority at a specially called meeting to abandon the container royalty.  *Id*. at ¶ 8.  Despite the members' vote to abandon container royalties, defendants continued to retain a portion of plaintiffs' wages pursuant to the terms of the

container royalty. *Id*. at ¶ 9. Defendants refuse to refund the portion of wages plaintiffs allege was illegally retained. *Id*. Furthermore, defendants have since instituted a dues check-off system requiring employees to expose their views concerning increasing union dues. *Id*.

## II. ANALYSIS

Before considering the pleadings, the court notes the widely held view that "a motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1357 (1969)). Because of the precarious nature of a motion to dismiss for failure to state a claim, two principles guide the court in ruling on such a motion. First, Federal Rule of Civil Procedure 12(b)(6) requires that "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Second, the "court must examine the complaint to determine whether the allegations provide relief on any possible theory." *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001).

Defendants argue that the court should dismiss plaintiffs' claim because it is barred by the governing statute of limitations. Before ruling on the motion before the court, two issues must be resolved. First, plaintiffs' complaint fails to specifically state a date upon which the alleged injury occurred, and therefore a date of injury must be determined. Second, because the court can properly assume the injury occurred on or before the date from which damages began to accrue, then the applicable statute of limitations must be determined.

**A. Date of Injury**

In their complaint before the court, plaintiffs fail to state a specific date upon which their alleged injury occurred. Dkt. 1. However, plaintiffs do set forth a specific date in two separate instances. First, plaintiffs allege that a specially called meeting was held on October 30, 2000 at which a majority of attendees voted to abandon "container royalty withholdings." Dkt. 1, ¶ 8. Second, plaintiffs allege that October 30, 2000 is the date from which damages began and continue to accrue. Dkt. 1, ¶ 22. As set forth in the case law above, the court must construe plaintiffs' complaint in the light most favorable to the plaintiff and assume plaintiff can prove each and every allegation set forth in the complaint. *Oppenheimer*, 94 F.3d at 194. The court therefore must construe the complaint such that the alleged date upon which damages began to accrue is true. As a practical matter, damages can in no way begin to accrue prior to injury. Therefore, the alleged injury must have occurred on or before October 30, 2000, the date damages began to accrue. Using the date of October 30, 2000, the court must determine the applicable statute of limitations.

**B. Statute of Limitations**

Plaintiffs allege defendants violated the Labor-Management Reporting and Disclosure Act set forth in 29 U.S.C. § 401 *et seq*. Dkt. 1, ¶ 1. Without delving further into the merits of the claim set forth by plaintiff, the court notes that the federal statute at issue contains no statute of limitations. *See* § 401 *et seq*. The United State Supreme Court as well as the Fifth Circuit has held that where a federal statute contains no statute of limitations, the controlling statute of limitations is that which would apply to an analogous cause of action in the state in which the claim arises. *See Reed v. United Transp. Union*, 488 U.S. 319, 323, 102 L. Ed. 2d 665, 109 S. Ct. 621 (1989); *Dantagnan v. I.L.A. Local 1418, AFL-CIO*, 496 F.2d 400, 401 (5th Cir. 1974); *Sewell v. Grand Lodge of Int'l Ass'n*

*of Machinists*, 445 F.2d 545, 549. (5th Cir. 1971). While the case law differs with respect to the cause of action most analogous to a claim under 29 U.S.C. § 411, the discord is of no consequence to the instant case because plaintiffs' claim is barred regardless of the theory of recovery. *Compare Dantagnan*, 496 F.2d at 402 (applying a breach of contract statute of limitations), *with Reed*, 488 U.S. at 326 (applying a personal injury statute of limitations). As set forth above, the "court must examine the complaint to determine whether the allegations provide relief on *any possible theory*." *Ramming*, 281 F.3d at 162 (emphasis added). Therefore, the court will assess the viability of plaintiffs' claim under the more generous of the two statutes of limitations applicable to plaintiffs' cause of action.

The statute of limitations applicable to causes of action for breach of contract falls under the residual provision of the Texas Civil Practice and Remedies Code which states that "[e]very action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.051. It is settled law in the state of Texas that causes of action for breach of contract must be brought within four years of the day the contract was breached. *See Strine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). As stated above, plaintiffs' claim was filed more than six years after the day their cause of action arose. If the breach of contract statute of limitations applies, plaintiffs' claim is more than two years late.

As set forth in the cases above, Texas statutory law is applicable as the law of the state in which the claim arises. Furthermore, under Texas statutory law, a claim for breach of contract, or any other claim with no specifically stated statute of limitations, must be brought within four years of the day upon which the cause of action arises. Alternatively, a personal injury claim must be

brought within two years of the day the aggrieved party suffered the injury, therefore, if the personal injury statute of limitations applies, plaintiffs' claim is more than four years late.[1] Regardless of the theory under which plaintiffs bring their claim, the longest conceivable governing statute of limitations is four years.

### III. CONCLUSION

Plaintiffs' complaint, construed most favorably and accepted as true, alleges a date of injury on or before October 30, 2000. The most generous statute of limitations which governs plaintiffs' claim under any possibly theory of recovery is four years. Plaintiffs filed their complaint on January 9, 2007, more than six years after the alleged injury took place. Therefore, defendants' motion to dismiss plaintiffs' 29 U.S.C. § 411(a)(3)(A) claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED. Plaintiffs' claims against defendants are DISMISSED WITH PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on March 28, 2007.

_____
Gray H. Miller
United States District Judge

---

[1] "Under Texas law, a personal injury action must be filed within two years after the cause of action accrues." *Bridges v. Metabolife Int'l, Inc.*, 119 Fed. Appx. 660 (5th Cir. 2005) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)). Furthermore, "a cause of action accrues and the two-year limitations period begins to run as soon as the owner suffers some injury, regardless of when the injury becomes discoverable." *Id.* (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 458, 39 Tex. Sup. Ct. J. 422 (Tex. 1996)).