UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDLE, *et al.*,<br>    *Plaintiffs*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION H-07-0103 |
| LOCAL 28, INTERNATIONAL<br>LONGSHOREMEN'S ASSOCIATION, *et al.*,<br>    *Defendants*. | §<br>§<br>§<br>§ | |

**MEMORANDUM AND ORDER**

Pending before the court is plaintiffs' motion for new trial pursuant to Federal Rule of Civil Procedure 59(a)(2). Dkt. 7. After considering the pleadings and applicable law, plaintiffs' motion for new trial is DENIED.

**I. BACKGROUND**

The court incorporates the statement of facts contained in its memorandum and order of March 28, 2007. Dkt. 5. Plaintiffs claim that Local 28 and the other defendants violated 29 U.S.C. § 411 (a)(3)(A) when container royalties were withheld from plaintiffs' paychecks despite plaintiffs' vote to abandon the withholdings. Dkt. 1, ¶ 2, 7. Defendants moved to dismiss plaintiffs' claim as it failed to allege a specific date of injury. Dkt. 3, ¶ 2. Furthermore, defendants argued that October 30, 2000, the only date alleged in plaintiffs' complaint, effectively barred plaintiffs' claim pursuant to the applicable statute of limitations. *Id*. The court granted defendants' motion to dismiss plaintiffs' claim. Dkt. 5, ¶ 2. Plaintiffs now move for a new trial. Dkt. 7, ¶ 2.

**II. ANALYSIS**

Plaintiffs argue their claim is not barred by the applicable statute of limitations because defendants engaged in a continuing violation of 29 U.S.C. § 411 (a)(3)(A). Dkt. 7, ¶ 2. Plaintiffs argue that because they filed suit within four years of defendants' last violation in December 2006, the theory of continuing violation allows them to sue on all past violations. *Id*. Defendants counter that plaintiffs

failed to plead a sufficient factual basis to support the application of a continuing violation theory to this case. Dkt. 8, ¶ 1.  Furthermore, defendants claim that plaintiffs cannot reject the date certain of October 30, 2000, the only date alleged in plaintiffs' complaint. Dkt. 8, ¶ 4. Defendants argue that plaintiffs cannot ignore the date of a statutory violation for time-bar purposes, but rely upon the same statutory violation to form the basis of their claim. *Id*.

In *Lenihan*, the court described a continuing violation as "one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period." *Lenihan v. Boeing Co.*, 994 F. Supp. 776 (S.D. Tex. 1998) (quoting *Dasgupta v. University of Wis. Bd. of Regents*, 121 F.3d 1138, 1139 (7th Cir. 1997)).  Statutes of limitation keep stale claims out of court, but when violations are on a continuing basis, their staleness disappears.  *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380, 102 S. Ct. 1114 (1982) (citing *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 314 (1945)).  However, the Fifth Circuit has warned against using "the continuing violation theory 'to resurrect claims about discrimination concluded in the past, even though its effects persist.'" *Berry v. Board of Supervisors of L.S.U.*, 715 F.2d 971, 979 (5th Cir. 1983) (quoting *Delaware State College v. Ricks*, 449 U.S. 250, 257 (1977)).  Indeed, it further warned that the "theory of continuing violation has to be guardedly employed because within it are the seeds of destruction of the [applicable] statute of limitation ...." *Abrams v. Baylor College of Med.*, 805 F.2d 528, 533 (5th Cir. 1986).

To ensure the theory of continuing violation is only applied in appropriate cases, the Fifth Circuit established the three-factor test below to determine when the continuing violation theory is applicable. *See Berry*, 715 F.2d at 981.  Assuming, *arguendo*, that the continuing violation theory is applicable to cases other than discrimination cases—which the court does not decide—plaintiffs still fail the three-factor test to determine a continuing violation.

2

**A. Subject-matter.**

The first factor of the three-factor test assesses the type of discrimination alleged. *See id.* In the instant case the court is unable to find a discriminatory act. Furthermore, the act made the basis of this claim is not alone indicative of a continuing violation. Therefore, plaintiffs fail to satisfy the first factor of the three-factor test.

**B. Frequency.**

The second factor set forth in *Berry* assesses the frequency with which the alleged wrongful acts recur. *See id.* Put another way, does the plaintiff allege a completed single event or set of events or an ongoing series of incidents? Plaintiffs allege the acts occurred on an annual basis. Dkt. 7, ¶ 2. While annual recurrence is more frequent than an isolated event, it is far less frequent than the bi-weekly paycheck example provided by the court in *Berry*. *See* 715 F.2d at 981. Therefore, the court finds this factor does not weigh for or against applicability of the theory of continuing violation in this case.

**C. Permanence.**

The third and most important factor of the Fifth Circuit's three-factor test assesses the permanence of the adverse consequences of the allegedly wrongful act. *See Berry*, 715 F.2d at 981. The court in *Lenihan* further interpreted this final factor as determining "what event, in fairness and logic, should have alerted the average lay person to act to protect her rights." *Lenihan*, 994 F. Supp. at 788 (quoting *Glass v. Petro-Tex Chem. Corp.*, 757 F.2d 1554, 1561 (5th Cir. 1985)). In determining the permanence factor, the court attempts to identify a "discrete event [that] triggered a duty of the plaintiff to assert her rights." *Waltman v. International Paper Co.*, 875 F.2d 468, 476 (5th Cir. 1989). The court, in applying the third factor in accord with the Fifth Circuit's interpretation, finds that the discrete event that should have alerted plaintiffs to act to protect their rights occurred sometime in December of 2000. According to plaintiffs' motion for new trial, defendants wrongfully withheld

royalty payments from plaintiffs' pay each December from 2000 to 2006. Dkt. 7, ¶ 2. However, even if plaintiffs failed to recognize the need to protect their rights after defendants' first wrongful act in December 2000, they had several additional opportunities to protect their rights. Instead, plaintiffs failed to protect their rights in 2000 and each year thereafter and only now attempt to sue on all past acts within the statutory period of December 2006. Dkt. 7, ¶ 2. Plaintiffs' inexplicable delay in acting to protect their rights is exactly the type of scenario against which the Fifth Circuit warned. Plaintiffs therefore fail the three factors governing the circumstances in which the theory of continuing violation is applicable.

### III. Conclusion

The court does not believe that the theory of continuing violation is applicable to plaintiffs' claims against defendants. However, even if that theory did apply to plaintiffs' claims, they fail the three factor test set out by the Fifth Circuit. Plaintiffs' claims are therefore time-barred as set forth in this court's memorandum and order of March 28, 2007. Plaintiffs' motion for new trial is therefore DENIED.

It is so ORDERED.

Signed at Houston, Texas on April 17, 2007.

_____
Gray H. Miller
United States District Judge